# JUDGE JENKINS' PATENT STANDING ORDER
# EFFECTIVE JANUARY 27, 2005

The following instructions shall apply to all patent cases assigned to Judge Martin J. Jenkins.

## Joint Claim Construction Statement

1.　　The joint claim construction statement required by Pat. L. R. 4-3 shall be truly joint. Disputed terms, phrases, and clauses shall be clearly designated as disputed. All other terms shall be presumed undisputed. For any term in dispute, the parties must agree on what the term actually is. With regard to disputed terms, phrases, or clauses, the joint statement shall list each disputed term, phrase, or clause (listed by claim); each party's proposed construction; and support for each party's proposed construction side by side. A model construction statement is attached to this order.

2.　　Parties shall attach to the joint claim construction statement copies of all patents in dispute. Parties shall also make a complete prosecution history for each patent available to the court upon request.

## Claim Construction

3.　　**As an initial matter, the court will construe no more than ten (10) terms total.** If more than ten (10) terms are at issue, the parties shall meet and confer before the preparation of the joint claim construction statement on narrowing the selection of terms to be construed by the court and shall jointly propose the ten (10) terms requiring construction.

4.　　If a party genuinely believes that it will require that more than ten (10) terms be construed, that party may request pursuant to Civ. L. R. 7-10(b) leave to designate additional terms for construction. The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of claims by issues presented) would be ineffective. The request must be filed no later than two (2) weeks before the deadline for filing the joint claim construction statement. If good cause is shown, the court will either agree to construe all terms or schedule a second claim construction proceeding on the terms that exceed ten (10). If more than ten (10) terms are submitted for construction **without leave of court**, the court will construe the first ten (10) terms listed in the joint claim construction statement and sanctions may be imposed.

5.　　Claim construction briefs shall address each disputed term, but only those that are truly disputed, following the order of the joint statement. The court anticipates that a meaningful meet and confer preceding the preparation of the joint claim construction statement will obviate the need for a party to propose in its briefs a claim

construction that differs from that proposed in the statement.  While the court encourages the parties to negotiate mutually agreeable constructions, the court discourages the parties from proposing new constructions for the first time in reply briefs or other filings which do not afford the opposing party and opportunity to respond.  However, if it becomes necessary for a party to propose a different construction in its brief than that found in the joint claim construction statement, that party must clearly set forth the new construction and explain the basis for the change.  Additionally, that party shall revise the joint claim construction statement, so that the court will have one document reflecting all current proposed constructions.

## Tutorial and Claim Construction Hearing

6.  The court will schedule a tutorial to occur one (1) to two (2) weeks prior to the claim construction hearing.  Each side will be permitted 30-45 minutes to present a short summary and explanation of the technology at issue.  The patent holder makes the first presentation.  Visual aids are encouraged.  The court prefers that someone other than counsel make the presentation.  **No argument will be permitted**.  The proceeding is not recorded and parties may not rely on statements made at the tutorial in other aspects of the litigation.

7.  Pre-hearing conferences are not generally held.  However, either party may request a telephone conference two (2) weeks prior to the hearing, or the parties may address any pre-hearing issues at the tutorial, if any.

8.  The patent holder will act as the moving party for the purposes of claim construction.  Opening briefs in support of claim construction must be filed at least six (6) weeks before the date fo the claim construction hearing, and the briefing schedule set forth at Patent L. R. 4-5 will apply.  Interactive, hyperlinked briefs on CD-ROM are encouraged when practicable, but not required.

9.  The court will not ordinarily hear extrinsic evidence at the claim construction hearing.  Should it become apparent that testimony will be necessary, counsel may request a telephone conference with the court within two (2) weeks of the hearing to seek court's approval.

10.  Demonstrative exhibits and visual aids are permissible at the hearing as long as they are based on information contained in the papers already filed.  Counsel shall exchange copies of exhibits no later than forty-eight (48) hours prior to the hearing.

11.  The claim construction hearing will generally be scheduled for no longer than three (3) hours.  Counsel shall contact **Courtroom Deputy, Monica Tutson at (415) 522-2123** to schedule the hearing.

## Subsequent Case Management Report

12.     Within thirty (30) days of the filing date of the claim construction ruling, the parties shall file a further **joint** case management status report. In that report, the parties must address the following topics:

- a) whether either party wishes to certify the claim construction ruling for immediate appeal to the Federal Circuit;

- b) the filing of dispositive motions, and if multiple dispositive motions will be filed, any proposed grouping and timing of those motions and their hearings;

- c) if willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense. If so, the parties should be prepared to address proposals for resolving any attorney-client privilege issue that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate;

- d) anticipated post-claim construction discovery;

- e) any other pretrial matters; and

- f) the progress of settlement discussions, if any.

The court will review the reports and, if necessary, schedule a further case management conference and enter any appropriate orders.

## Miscellaneous

13.     All stipulated protective orders and filing shall comply with Civ. L. R. 79-5. Parties shall also submit an unredacted chambers copy of any brief lodged under seal with all confidential material highlighted.


**IT IS SO ORDERED.**

Dated: 1/27/2006

Martin J. Jenkins

**Sample Claim Chart**

| Claim Language (Disputed Terms in **Bold**) <br><br> 'xxx Patent | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for counting **ducks**, comprising the steps of: <br><br> [or] <br><br> **ducks** <br><br> Found in claim numbers: <br><br> 'xxx Patent: y, z <br> 'yyy Patent: a, b | **duck** <br><br> PROPOSED CONSTRUCTION: a bird that quacks. <br><br> DICTIONARY/TREATISE DEFINITIONS: Webster's Dictionary ("duck: bird that quacks"); Field Guide ("bird call: quack"); <br><br> INTRINSIC EVIDENCE: 'xxx Patent col. _:__ ("distinctive honking"); Prosecution History at __ ("This patent is distinguished from the prior art in that the quacking of the bird is featured"). <br><br> EXTRINSIC EVIDENCE: McDonald Depo. at xx:xx ("I'd say the quacking makes it a duck"); '123 Patent at col _:__; Donald Decl. at ¶ __ . | **duck** <br><br> PROPOSED CONSTRUCTION: a bird that swims <br><br> DICTIONARY/TREATISE DEFINITIONS: Random House Dictionary ("an aquatic bird"); Field Guide (same) <br><br> INTRINSIC EVIDENCE: 'xxx Patent col _:__ ("ducks may be found on or near bodies of water"); Prosecution History at __ ("water fowl are particularly amenable to being counted by this method"). <br><br> EXTRINSIC EVIDENCE: G. Marx Depo at xx:xx ("like a duck to water"); '456 Patent at col _:__; Daffy Decl. at ¶ __ . |

(Or any other substantively similar format that permits the court to compare terms side by side)

**NOT:**

| Claim Language (Disputed Terms in **Bold**) <br><br> 'xxx Patent | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for counting **ducks** . . . | **duck** | **counting ducks** |